# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MIGUEL DOMINGUEZ, JOSE ARCE, NEPHTALI BUSTAMENTE, MIGUEL CONTRERAS, MILTON CONTRERAS, JOHNNY GARCIA, HECTOR GARCIA-CASARRUBIAS, ROBERTO GUERRERO, CARLOS HERNANDEZ, JAVIER LOPEZ, ASCENCION MARTINEZ, ALFONSO MENDOZA, FELIX OCASIO, JEFFREY PEREZ, ANDRES PILLAJO CALLE, MARIO SOTO, | Case No. 16 C 6325<br><br>Judge William Hart<br>Magistrate Judge Susan Cox |
| Plaintiffs, | |
| v. | |
| DISPATCH TAXI AFFILIATION, INC., CHI-TOWN TAXI BROKERAGE, LLC, DISPATCH AFFILIATION, LLC, DISPATCH TAXI MANAGEMENT, LLC, EXTREME TAXI AUTO REPAIR SHOP, LLC, LAKE REPAIR AND METER SHOP, LLC, TOTAL TAXI REPAIR AND BODY SHOP, LLC, WINDY CITY METER SHOP, LLC, SAVAS TSITIRIDIS, Individually, and CUBS MANAGEMENT CORP and EVGENY A. FREIDMAN, Individually | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS EVGENY A. FREIDMAN AND CUBS MANAGEMENT CORP. PURSUANT TO FED. R. CIV. P. 55

All Plaintiffs named in the caption above, through their undersigned attorneys, respectfully request that the Court enter a Default Judgment against Defendants Evgeny A. Freidman and Cubs Management Corp., pursuant to Federal Rule of Civil Procedure Rule 55. In support thereof, Plaintiffs state as follows:

1.      Defendants Evgeny A. Freidman and Cubs Management Corp. (collectively referred to as "Defendants" herein) have not filed an answer to Plaintiffs' First Amended Complaint (Dkt. # 91). Defendants have also not participated in discovery, settlement, and/or the defense of this action since Defendant Freidman obtained new counsel and successfully lifted entry of default pertaining to his failure to answer Plaintiffs' original complaint. *See* Dkt. # 48 (3/9/2017 Order). A default judgment should therefore be entered pursuant to Fed. R. Civ. P. Rule 55(b).

2.      "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" a suit, entry of default is appropriate, and the Court may enter a default judgment for a particular amount based on information it deems sufficient. *See* Fed. R. Civ. P. 55(a)-(b).

3.      Although Rule 55(a) refers to entry of default by the clerk, it is well-established that a default also may be entered by the court. *Tygris Asset Fin., Inc. v. Szollas,* No. 09 C 4488, 2010 U.S. Dist. LEXIS 56491, at *4-5 (N.D. Ill. June 7, 2010), citing, *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). When motion is made to the court for entry of a default and/or for default judgment, the decision to grant the Motion is within the Court's discretion. *Id.*; *see Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 252-53 (7th Cir. 1990).

4.      At the outset of this case, Mr. Freidman failed to answer the Complaint, to meet deadlines set by the Court and the Federal Rules, and to participate in the defense of this action, which Plaintiffs outlined in detail in their successful Motion for Entry of Default on January 24, 2017. Dkt. # 36.

5.      After an entry of default on February 9, 2017 (Dkt. # 40), Defendant Freidman obtained counsel, attorney Thomas Leinenweber, and was granted leave to answer the original complaint. Dkt. # 48. Although Defendant Freidman answered the original complaint, he did not participate in any settlement negotiations, discovery, or otherwise defend against the suit. *See* Ex. 1, Cowlin Dec. ¶ 2.

6.      The Plaintiffs and Defendants Savas Tsitiridis and the originally-named Dispatch Taxi corporate entities (Dispatch Taxi Affiliation, Inc., Chi-Town Taxi Brokerage, LLC, Dispatch Affiliation, LLC Dispatch Taxi Management, LLC, Extreme Taxi Auto Repair Shop, LLC, Lake Repair And Meter Shop, LLC, Total Taxi Repair And Body Shop, LLC, Windy City Meter Shop, LLC) reached a settlement after extensive negotiations, which this Court approved on July 23, 2018 (hereinafter referred to as "the Settlement"). Dkt. # 90. The Settlement did not compensate Plaintiffs for 100% of the overtime, penalties, interest, and attorneys' fees they are owed due to the unlawful practices in which Defendants Freidman and Cubs Management Corp. participated.

7.      The Settlement also did not involve, nor did it release Defendants Freidman or Cubs Management Corp. *Id.* at ¶ 2. In connection with the settlement, on August 2, 2018, Plaintiffs filed a First Amended Complaint to clarify that the case was only proceeding against Defendants Freidman and Cubs Management Corp.,Freidman's corporate entity that succeeded his interest in the Dispatch corporations. *See* Dkt. # 91 (First Amended Complaint).

8.      Defendant Freidman was served with the First Amended Complaint through his counsel on August 2, 2018, the date it was filed via the court's electronic case filing system. *See* Dkt. # 91.  Freidman is the sole registered contact for Cubs Management Corp., a New York

3

corporation, and as such, service of Cubs Management Corp. was effected through service on Freidman. *See* Ex. 2 (Cubs Management Corp. New York corporate registration); Fed. R. Civ. P. 4(h) (service of a corporation may be made by delivery of the complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.").

9. Plaintiffs, in an abundance of caution, contracted a process server in New York to deliver a copy of the First Amended Complaint and a summons to the address Cubs Management Corp. registered with the state of New York, but the building was empty and listed for sale/lease. Ex. 1 at ¶¶ 3-4; Ex. 3.

10. Neither Defendant Freidman nor Cubs Management Corp. has answered the First Amended Complaint. Ex. 1 at ¶ 5. A default judgment is therefore appropriate, especially in light of Defendant Freidman's long history of not participating in this matter and his counsel's representations that he likely does not plan to do so in the future. *See United States v. Alacran Contr., LLC,* No. 10 C 50067, 2015 U.S. Dist. LEXIS 135630, at *10-11 (N.D. Ill. Oct. 5, 2015) (refusing to set aside entry of default where Defendant ignored ongoing court proceedings following withdrawal of counsel, failed to comply with court rules and orders, failed to comply with discovery requests, and failed to appear at Court statuses).

11. Because all of the claims have been resolved against the defendants except Freidman and Cubs Management Corp., a default judgment will not create any possibility of inconsistent results. *See In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257-58 (7th Cir. 1980) (citing *Frow v. De La Vega*, 82 U.S. 552, 554, 21 L. Ed. 60 (1872)); *contra Clarke v. Denali Prop. Grp. LLC,* No. 10-CV-5115 (JG), 2011 U.S. Dist. LEXIS 48252, at *2-4 (E.D.N.Y. May 5,

2011) (staying damages inquest against the defaulting defendants in an FLSA case until all of the defendants' liability has been established in order to avoid inconsistent judgments, an issue not present here because of the Settlement).

12. Plaintiffs seek a default judgment to compensate Plaintiffs for the minimum and overtime wages, statutory penalties, and attorneys' fees and costs that remain owed after the Settlement, and that are related to the specific practices described in the First Amended Complaint. Indeed, Plaintiffs had already computed the amount they are owed based on the time and payroll information defendant Savas Tsitiridis produced in connection with the Settlement negotiations. *See* Dkt. ## 84-85 (Plaintiffs' Motion to Approve the Settlement) (outlining method and information Plaintiffs' counsel used to determine damages). Liquidated damages and the 2% penalty are a matter of simple computation. *See* 29 U.S.C. § 260; *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986) (liquidated damages, i.e., doubling, are the "norm"); 820 ILCS 105/12(a); *Hernandez v. Star View Enters.,* No. 15-cv-0266, 2016 U.S. Dist. LEXIS 62194, at *15 (N.D. Ill. May 11, 2016) (IMWL's 2% per month penalty is "automatic" and is awarded in addition to liquidated damages).

13. Plaintiffs have broken down the amount that remains due and owing after the Settlement in Exhibit 1-A. This amount reflects the current computation of the 2% per month penalty owed pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/12, liquidated damages, and the current amount of uncompensated attorneys' fees. Ex. 1 at ¶¶ 6-9. Attorneys' fees are owed pursuant to both the FLSA, 29 U.S.C. § 216(b), and the IMWL, 820 ILCS § 105/12(a). *See Birbalas v. Cuneo Printing Industries, Inc.*, 140 F.2d 826, 828 (7th Cir. 1944).

14. The total amount of the judgment requested is $576,419.98.

15. The attorneys' fees owed are based on attorneys' contemporaneous records at their respective hourly rates in the Chicago legal market. Ex. 1 at ¶ 7. The amount reflects a reduction in the amount of attorneys' recouped in the Settlement. *Id*. Attorneys will continue to incur additional fees and costs to advise Plaintiffs and enforce the judgment should this motion be granted. Ex. 1 at ¶ 8.

16. Based on the un-rebutted allegations in Plaintiffs' First Amended Complaint, Defendants Freidman and Cubs Management Corp. are clearly liable for this amount. *Merrill Lynch,* 908 F.2d at 253 (the 7th Circuit follows the rule that "the well-pleaded allegations of the complaint relating to liability are taken as true" when evaluating a motion for default judgment.) Freidman was a co-owner of the Dispatch corporations at the time of the wage and hour violations, and was personally involved in the time and payroll practices that lead to said violations. *See e.g.* Dkt. # 91 (First Amended Complaint) at ¶¶ 8-12, 16-44.

17. After Freidman and Tsitiridis split up their taxi business in Chicago, Freidman began using Cubs Managment Corp. as the corporate entity alongside his personal interest, including paying some of the Plaintiffs who remained in his employ through Cubs Management Corp. *See Id.* at ¶ 11; Ex. 4 (example of paycheck from Cubs Management Corp.). Because Freidman was obviously aware of this pending suit and his business employed some of the same people performing the same work, Cubs Management Corp. is therefore also liable under the theory of successor liability. *See Teed v. Thomas & Betts Power Sols., L.L.C.,* 711 F.3d 763, 765-66 (7th Cir. 2013) (successor corporation liable for prior FLSA violations when the

successor has notice of the lawsuit, the successor can provide relief sought in the suit, and when there is continuity between the operations and work force of the predecessor and successor).

18. Because Defendants Freidman and Cubs Management Corp. have failed to answer the First Amended Complaint or participate in the litigation after due notice has been provided, a default judgment is appropriate.

**WHEREFORE**, for the reasons set forth above, Plaintiffs respectfully request this Court enter a default judgment against Defendant Evgeny A. Freidman and Cubs Management Corp. pursuant to Fed. R. Civ. P. 55(b) in the amount of $576,419.98.

        Respectfully submitted,

        Potter Bolanos LLC

        /s/ Patrick Cowlin
        One of Plaintiffs' Attorneys

Robin Potter, Esq.
M. Nieves Bolaños, Esq.
Patrick Cowlin, Esq.
Potter Bolanos LLC
111 East Wacker Drive - Suite 2600
Chicago, Illinois 60601
(312) 861-1800
robin@potterlaw.org
patrick@potterlaw.org
nieves@potterlaw.org

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of **PLAINTIFFS' MOTION FOR DEFAULT JUDGEMENT AGAINST DEFENDANTS EVGENY FREIDMAN AND CUBS MANAGEMENT CORP. PURSUANT TO FED. R. CIV. P. 55** was served via the Court's CM/ECF system and/or by electronic mail on October 11, 2018.

                                          /s/ Patrick Cowlin
                                          Patrick Cowlin